# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHARLES E. SHIRLEY, | ) |
| Movant, | ) |
| vs. | ) Case No. 12-00933-CV-W-FJG |
| | ) Crim. No. 11-00066-01-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

# ORDER

Movant has filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1).

## I. BACKGROUND

On March 29, 2011, a grand jury in the Western District of Missouri returned an indictment against Charles Shirley charging him with being a felon in possession of a firearm or about February 28, 2011. On April 20, 2011, Shirley pled guilty to the charge. On October 3, 2011, Shirley was sentenced to 70 months imprisonment and three years supervised release. Shirley filed an appeal on October 5, 2011. His counsel moved to withdraw and filed an brief under Anders v. California, 386 U.S. 738 (1967) challenging the reasonableness of his sentence, arguing that the Court should have considered varying below the Guideline range in sentencing him. Shirley filed a supplemental brief arguing that the District Court erred in its offense-level and criminal-history calculations and also considered impermissible factors in determining his sentence.

The Eighth Circuit rejected these arguments and found that the sentence was reasonable, there were no errors in the sentencing calculations and the District Court did not consider any impermissible factors.

In his § 2255 motion, movant alleges that his counsel was ineffective for not raising the issue regarding his competency and in representing to the Court that he was competent to plead guilty. In his Reply Suggestions, movant raises the additional claim that his counsel was ineffective for failing to argue that his criminal history points were an over-representation of his criminal history. Movant requests an evidentiary hearing on his allegations.

## II. LEGAL STANDARD

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at

2065-66.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' See Michel v. Louisiana, 350 U.S. 91,101, 76 S.Ct.158,164, 100 L.Ed.2d 83 (1955)."  Id.  Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694, 104 S.Ct. at 2068.

### III.  DISCUSSION

Movant argues that he is not contesting the fact that he is guilty, but rather the excessive sentence that was imposed in light of his mental health issues as to drug abuse and also that the Court assumed that he was competent based soley on his attorney's opinion.  Movant states that his counsel was ineffective because he did not properly address the issue of competency and answered a leading question with a question of his own that compelled movant to answer a question which he did not understand.  The Government argues in response that counsel was not ineffective because nothing in the record would indicate that Shirley was under the influence of any substance which would have impaired his ability to act competently during the change of plea hearing or the sentencing hearing.

During the change of plea hearing on April 20, 2011, the Court asked movant:

```
THE COURT:   You're represented here by Mr. Larry Pace, right?
MR. SHIRLEY:  Yes, sir.
THE COURT:   Well, you're charged here with being a felon in possession of a firearm.
             Have you had adequate opportunity to discuss this with your attorney?
MR. SHIRLEY:  Yes, sir.
THE COURT:   Have you decided how you wish to plead to that?
MR. SHIRLEY:  Yes, sir.
```

3

THE COURT: How do you plead?
MR. SHIRLEY: Guilty.
. . .
THE COURT: And you're represented here by Larry Pace?
MR. SHIRLEY: Yes, sir.
THE COURT: Has he handled this matter to your satisfaction?
MR. SHIRLEY: Yes, sir.
THE COURT: Has he done everything you've asked him to do?
MR. SHIRLEY: Yes, sir.
THE COURT: How much – is there anything you've asked him to do that he's failed or refused to do?
MR. SHIRLEY: No, sir.
THE COURT: And you've had an adequate opportunity to discuss this case with him, right?
MR. SHIRLEY: Yes, sir.
THE COURT: And is your mind clear and free from the influence of any drugs, medicine, pills, alcohol, anything of that nature?
MR. PACE: Your mind is clear?
MR. SHIRLEY: Yes, sir.
THE COURT: And, Mr. Pace, is it your opinion he's competent to plead here this morning?
MR. PACE: Yes, Your Honor, no question in my mind.

(Change of Plea Hearing, pp. 2-4).

During the sentencing hearing, the Court asked:

THE COURT: Mr. Shirley, have you had an opportunity to review your presentence report?
THE DEFENDANT: Yes, sir.
THE COURT: And do you feel you've had sufficient time to do that?
THE DEFENDANT: Yes, sir.
THE COURT: Have you also discussed it with your counsel?
THE DEFENDANT: Yes, sir.
THE COURT: And do you fell you and your counsel have had sufficient time to review and discuss this report?
THE DEFENDANT: Yes, sir.

(Sentencing Transcript, p. 2).

The Government argues that the record indicates that Mr. Pace was not ineffective for failing to raise the competency issue, because there was no indication that movant was or recently had been under the influence of any substance before he pled guilty or before he was sentenced. The only reference to substance abuse is when

4

Mr. Pace discussed movant's criminal history during the sentencing hearing:

> Looking back at his criminal history, a lot of what he has been involved in, I think, has a lot to do with some issues with drug and alcohol. He and I have talked about that. He wants to address those issues, get those taken care of, and I would ask the court to make a recommendation to the Bureau of Prisons that he be offered the opportunity to participate in the 500-hour intensive drug treatment program. I think that would certainly be helpful for him so that he doesn't have a problem when he gets out.

(Sentencing Transcript, p. 4). When the Court asked movant if he had any anything that he would like to say on the subject of sentencing, he replied, "I'm sorry. I apologize." Id. at p. 5. He mentioned nothing about his competency. Nor was there anything in his words, behavior or demeanor which would have lead either the Court or his attorney to question his competency.

In United States v. Wallace, 585 F.Supp.2d 1101 (D.N.D. 2008), the Court stated, "[a] defendant is deemed competent if he possesses a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'has a rational as well as factual understanding of the proceedings against him.'" Id. at 1104 (citing Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). In United States v. Yu, 484 F.3d 979, 984 (8th Cir.2007), the defendant argued that he should receive a new trial because the district court failed to order a competency hearing to assess whether he was able to understand the proceedings and assist his counsel. The Court stated, "[c]ompetence is presumed 'absent some contrary indication' arising from irrational behavior, the defendant's demeanor, and any prior medical opinions addressing the defendant's competency." Id. at 985 (quoting United States v. Long Crow, 37 F.3d 1319, 1325 (8th Cir.1994), cert. denied, 513 U.S. 1180, 115 S.Ct. 1167, 130 L.Ed.2d 1122 (1995)). "The burden of persuasion [is] on petitioner to show that he was incompetent by a preponderance of the evidence." Vogt v. United

States, 88 F.3d 587, 591 (8th Cir.1996). "It is not enough for movant to simply state that he was not competent at the time of the plea." Fischer v. United States, No. 4:09-CV-1783CAS, 2010 WL 3719934, *6 (E.D.Mo. Sept. 13, 2010).

In the instant case, movant has presented the Court with no evidence of his mental incompetence. He did not act irrationally during either the change of plea hearing or during his sentencing, he did not indicate that he was taking any substance or medications which might have prevented him from understanding the nature of the proceedings and there was no reference by the movant to any previous history of mental issues. The only issue that movant alluded to was prior problems with drug and alcohol abuse. However, he did not allege that he was under the influence of either drugs or alcohol at any point in the proceedings or that this past abuse affected his ability to understand the nature of the proceedings against him. Additionally, the Presentence Investigation Report noted only that movant thought he might have a possible history of depression and he thought that antidepressant medication might help his condition. The report however did not indicate that he was taking any medication for his depression or any other condition. Nor did the report raise any issues regarding movant's competency. Thus, the Court finds that movant has not met his burden to show that he was mentally incompetent when he pled guilty.

"The Eighth Circuit Court of Appeals has held that, while a guilty plea is not invulnerable to a collateral attack in a post-conviction proceeding, the defendant's representations during the change of plea hearing carry a 'strong presumption of verity' and 'pose a formidable barrier in any subsequent collateral proceedings.'" United States v. Wallace, 585 F.Supp.2d at 1105-06 (quoting Nguyen v. United States, 114 F.3d 699, 703 (8th Cir.1997)). The Court in Nguyen noted that a defendant has a "heavy burden to

6

overcome those admissions and show that his plea was involuntary." Id. As discussed above, movant has failed to offer any evidence indicating that there was a question regarding his mental competency. He never indicated to the Court either during the change of plea hearing or at his sentencing hearing, through his words or actions that he was not mentally competent and nothing that he did or said would have alerted counsel or the Court that there was a problem. Because there was no indication that movant was incompetent, it was not unreasonable for Mr. Pace to represent to the Court that movant was competent. Therefore, the Court finds that movant has failed to show that his counsel's performance fell below an objective standard of reasonableness.

As noted earlier, in his reply suggestions, movant also asserted that his counsel was ineffective for failing to argue that his criminal history points were an over representation of his criminal history. The Court finds that there is no basis to consider this claim because the criminal history calculation argument was previously raised and rejected by the Eighth Circuit. In Rogers v. United States, Nos. C 12-0034-MWB, CRMC 08-0072, 2013 WL 2547852 (N.D.Iowa June 11, 2013), the Court stated, "[o]ne well established principle of § 2255 law is that [i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255 . . . .One exception to that principle arises when there is a miscarriage of justice, although the Eighth Circuit Court of Appeals has recognized such an exception only when petitioners have produced convincing new evidence of actual innocence, and the Supreme Court has not extended the exception beyond situations involving actual innocence." Id. at *3 (internal citations and quotations omitted). The Court also noted, "[j]ust as § 2255 may not be used to relitigate issues raised and decided on direct

7

appeal, it also ordinarily is not available to correct errors which could have been raised at trial or on direct appeal." Id. (internal and quotations omitted). The Court finds that because this issue was already addressed or could have been raised on direct appeal, there is no basis to reconsider the issue in movant's § 2255 proceeding.

The Court concludes that no evidentiary hearing is necessary because the record affirmatively refutes the factual assertions upon which the claim is based. Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

### III. CONCLUSION

Upon careful review and consideration, the Court finds that the record in this case conclusively demonstrates that movant is entitled to no relief. Additionally, movant will be denied a certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently. Accordingly, it is hereby **ORDERED** that movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) is **DENIED.**


Date: June 27, 2013                      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                            Chief United States District Judge